%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JORDAN, CHARLETTE

## DEFENDANTS
CITY OF PHILADELPHIA

**(b)** County of Residence of First Listed Plaintiff __Kent__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant __Philadelphia__
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
LAW OFFICES OF PATRICK G. GECKLE, LLC, 1845 Walnut Street,
Ste. 2300, Phila. PA 19103 - 215-735-3326

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

□ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant

□ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business In This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business In Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- □ 110 Insurance
- □ 120 Marine
- □ 130 Miller Act
- □ 140 Negotiable Instrument
- □ 150 Recovery of Overpayment & Enforcement of Judgment
- □ 151 Medicare Act
- □ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- □ 153 Recovery of Overpayment of Veteran's Benefits
- □ 160 Stockholders' Suits
- □ 190 Other Contract
- □ 195 Contract Product Liability
- □ 196 Franchise

**REAL PROPERTY**
- □ 210 Land Condemnation
- □ 220 Foreclosure
- □ 230 Rent Lease & Ejectment
- □ 240 Torts to Land
- □ 245 Tort Product Liability
- □ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- □ 310 Airplane
- □ 315 Airplane Product Liability
- □ 320 Assault, Libel & Slander
- □ 330 Federal Employers' Liability
- □ 340 Marine
- □ 345 Marine Product Liability
- □ 350 Motor Vehicle
- □ 355 Motor Vehicle Product Liability
- □ 360 Other Personal Injury

PERSONAL INJURY
- □ 362 Personal Injury - Med. Malpractice
- □ 365 Personal Injury - Product Liability
- □ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- □ 370 Other Fraud
- □ 371 Truth in Lending
- □ 380 Other Personal Property Damage
- □ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- □ 441 Voting
- □ 442 Employment
- □ 443 Housing/ Accommodations
- □ 444 Welfare
- □ 445 Amer. w/Disabilities - Employment
- □ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- □ 510 Motions to Vacate Sentence
  Habeas Corpus:
- □ 530 General
- □ 535 Death Penalty
- □ 540 Mandamus & Other
- □ 550 Civil Rights
- □ 555 Prison Condition

**FORFEITURE/PENALTY**
- □ 610 Agriculture
- □ 620 Other Food & Drug
- □ 625 Drug Related Seizure of Property 21 USC 881
- □ 630 Liquor Laws
- □ 640 R.R. & Truck
- □ 650 Airline Regs.
- □ 660 Occupational Safety/Health
- □ 690 Other

**LABOR**
- □ 710 Fair Labor Standards Act
- □ 720 Labor/Mgmt. Relations
- □ 730 Labor/Mgmt.Reporting & Disclosure Act
- □ 740 Railway Labor Act
- □ 790 Other Labor Litigation
- □ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- □ 462 Naturalization Application
- □ 463 Habeas Corpus - Alien Detainee
- □ 465 Other Immigration Actions

**BANKRUPTCY**
- □ 422 Appeal 28 USC 158
- □ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- □ 820 Copyrights
- □ 830 Patent
- □ 840 Trademark

**SOCIAL SECURITY**
- □ 861 HIA (1395ff)
- □ 862 Black Lung (923)
- □ 863 DIWC/DIWW (405(g))
- □ 864 SSID Title XVI
- □ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- □ 870 Taxes (U.S. Plaintiff or Defendant)
- □ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- □ 400 State Reapportionment
- □ 410 Antitrust
- □ 430 Banks and Banking
- □ 450 Commerce
- □ 460 Deportation
- □ 470 Racketeer Influenced and Corrupt Organizations
- □ 480 Consumer Credit
- □ 490 Cable/Sat TV
- □ 810 Selective Service
- □ 850 Securities/Commodities/ Exchange
- □ 875 Customer Challenge 12 USC 3410
- □ 890 Other Statutory Actions
- □ 891 Agricultural Acts
- □ 892 Economic Stabilization Act
- □ 893 Environmental Matters
- □ 894 Energy Allocation Act
- □ 895 Freedom of Information Act
- □ 900Appeal of Fee Determination Under Equal Access to Justice
- □ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
□ 2 Removed from State Court
□ 3 Remanded from Appellate Court
□ 4 Reinstated or Reopened
□ 5 Transferred from another district (specify)
□ 6 Multidistrict Litigation
□ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §1983
Brief description of cause:
Plaintiffs were denied their constitutional and statutory rights.

## VII. REQUESTED IN COMPLAINT:
□ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 500,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes □ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE
12/28/2012

SIGNATURE OF ATTORNEY OF RECORD

Patrick G. Geckle, Esquire

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff:___426 Greens Branch Lane, Smyra, DE 19977_____

Address of Defendant:___1515 Arch Street, 14th Floor, One Parkway Bldg., Philadelphia, PA 19102-1595_____

Place of Accident, Incident or Transaction ___at or near 3343 Ridge Avenue, Philadelphia, PA 19132_____
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
  Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
  Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
  Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
  Yes☐  No☒

**CIVIL: (Place ✔ in ONE CATEGORY ONLY)**

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
  (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
  (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I,___Patrick G. Geckle, Esquire,_____, counsel of record do hereby certify:

  ☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

  ☐ Relief other than monetary damages is sought.

DATE: _12/28/2012_____    _____    26718
                                    Attorney-at-Law                    Attorney I.D.#
**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __12/28/2012_____    _____    26718
                                    Attorney-at-Law                    Attorney I.D.#

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| CHARLETTE JORDAN | : | CIVIL ACTION |
| | : | |
| v | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                    ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits                    ( )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                    ( )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                    ( )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.        ( X )

| | | |
|---|---|---|
| __12/28/2012__ | __Patrick G. Geckle__ | __Charlette Jordan__ |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 215-735-3326 | 215-735-4712 | pgeckle@pgglaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLETTE JORDAN, a minor, by her     :
guardian, Darlene Jordan              :
426 Greens Branch Lane                :
Smyra, DE 19977                       :
        and                           :
JAZZ WILLIAMS, a minor, by his        :     Civil Action No.
guardian, Darlene Jordan              :
426 Greens Branch Lane                :
Smyra, DE 19977                       :
        and                           :
PERRY GOODE, a minor, by his          :     JURY TRIAL DEMAND
parent and natural guardian,          :
Darlene Jordan                        :
426 Greens Branch Lane                :
Smyra, DE 19977                       :
        and                           :
JAINE JORDAN                          :
3343 Ridge Avenue                     :
Philadelphia, PA 19132                :
        and                           :
FRANK JORDAN                          :
3343 Ridge Avenue                     :
Philadelphia, PA 19132                :
        and                           :
CHERIE UPSEY                          :
426 Greens Branch Lane                :
Smyrna DE 19977                       :
                                      :
        vs.                           :
                                      :
CITY OF PHILADELPHIA                  :
c/o City of Philadelphia Law Department :
One Parkway Building, 14th Floor      :
1515 Arch Street                      :
Philadelphia, PA 19102-1595           :
        and                           :
POLICE OFFICER ANTHONY SOLIMAN        :
BADGE NUMBER 9885                     :
Individually and in his official      :
capacity as a police officer for the  :
City of Philadelphia                  :
c/o City of Philadelphia Law Department :
One Parkway Building, 14th Floor      :
1515 Arch Street                      :
Philadelphia, PA 19102-1595           :
        and                           :

```
POLICE OFFICER RAYMOND KUEMMERLE          :
BADGE NUMBER 2466                         :
Individually and in his official          :
capacity as a police officer for the      :
City of Philadelphia                      :
c/o City of Philadelphia Law Department   :
One Parkway Building, 14th Floor          :
1515 Arch Street                          :
Philadelphia, PA 19102-1595              :
       and                                :
POLICE OFFICER ORTIZ                       :
BADGE NUMBER 3089                         :
Individually and in his official          :
capacity as a police officer for the      :
City of Philadelphia                      :
c/o City of Philadelphia Law Department   :
One Parkway Building, 14th Floor          :
1515 Arch Street                          :
Philadelphia, PA 19102-1595              :
       and                                :
POLICE OFFICER PINTO                       :
BADGE NUMBER 3204                         :
Individually and in his official          :
capacity as a police officer for the      :
City of Philadelphia                      :
c/o City of Philadelphia Law Department   :
One Parkway Building, 14th Floor          :
1515 Arch Street                          :
Philadelphia, PA 19102-1595              :
       and                                :
POLICE OFFICERS JOHN DOES 1 - 5           :
Individually and in their official        :
capacity as a police officer for the      :
City of Philadelphia                      :
c/o City of Philadelphia Law Department   :
One Parkway Building, 14th Floor          :
1515 Arch Street                          :
Philadelphia, PA 19102-1595              :  Attorney ID # 26718
```

## COMPLAINT

### Jurisdiction

1.   This action is brought pursuant to 42 U.S.C. §1983.

Jurisdiction is based upon 28 U.S.C. §§1331 and 1343 (1),(3),(4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367(a) to hear and adjudicate state law claims.

### Parties

2.  Plaintiff, Charlette Jordan, a minor, by her guardian, Darlene Jordan, resides at 426 Greens Branch Lane, Smyra, Delaware 19977 with Darlene Jordan, and at all times relevant to this action was present in Philadelphia, Pennsylvania.

3.  Plaintiff, Jazz Williams, a minor, by his guardian, Darlene Jordan, resides at 426 Greens Branch Lane, Smyra, Delaware 19977 with Darlene Jordan, and at all times relevant to this action was present in Philadelphia, Pennsylvania.

4.  Plaintiff, Perry Goode, minor, by his guardian, Darlene Jordan, resides at 426 Greens Branch Lane, Smyra, Delaware 19977 with Darlene Jordan, and at all times relevant to this action was present in Philadelphia, Pennsylvania.

5.  Plaintiff, Jaine Jordan, is an adult individual who resides at 3343 Ridge Avenue, Philadelphia, Pennsylvania 19132, and at all times relevant to this action was present in Philadelphia, Pennsylvania.

6.  Plaintiff, Frank Jordan, is an adult individual who resides at 3343 Ridge Avenue, Philadelphia, Pennsylvania 19132, and at all times relevant to this action was present in

3

Philadelphia, Pennsylvania.

7.   Plaintiff, Cherie Upsey, is an adult individual who resides at 426 Greens Branch Lane, Smyra, Delaware 19977, and at all times relevant to this action was present in Philadelphia, Pennsylvania.

8. Defendant, City of Philadelphia, is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs Defendants, Police Officers John Does 1 through 5.

9.   Defendant, Police Officer Anthony Soliman, Badge Number 9885, is a police officer for the Philadelphia Police Department acting under color of state law.  He is being sued in his individual and official capacity.

10.   Defendant, Police Officer Raymond Kuemmerle, Badge Number 2466, is a police officer for the Philadelphia Police Department acting under color of state law.  He is being sued in his individual and official capacity.

11.   Defendant, Police Officer Ortiz, Badge Number 3089, is a police officer for the Philadelphia Police Department acting under color of state law.  He is being sued in his individual and official capacity.

12.   Defendant, Police Officer Pinto, Badge Number 3204, is a police officer for the Philadelphia Police Department acting under color of state law.  He is being sued in his individual and

4

official capacity.

13.  The names of Defendant police officers John Does 1 through 5 are currently unknown to Plaintiff, but at all times relevant to this Complaint, were and/or are employed as police officers for the City of Philadelphia Police Department, acting under color of state law, pursuant either to official policy, custom or practice of the City of Philadelphia.  These Defendants are being sued in both their individual and official capacities.

14.  At all relevant times, all Defendants were acting in concert and conspiracy and their actions deprived Plaintiffs of their constitutional and statutory rights as hereinafter described.

## Factual Allegations

15.  On December 31, 2010 all of the above named Plaintiffs were gathered at the home of Jaine Jordan located at 3343 Ridge Avenue, Philadelphia, Pennsylvania.  They were all gathered to mourn a death in the family.

16.  At approximately 8:45 p.m. minor Plaintiff Charlette Jordan, minor Plaintiff Jazz Williams, and minor Plaintiff Perry Goode all decided to take a walk down Ridge Avenue.

17.  As minor Plaintiffs Charlette Jordan, Jazz Williams, and Perry Goode were walking down Ridge Avenue, they observed an automobile slowly drive by them, make a U-turn, and then

5

reapproach them and stop.

18.   Inside that vehicle were four unknown men who never identified themselves as Philadelphia police officers.

19.   Upon seeing the vehicle with four men stop close by them, minor Plaintiffs Charlette Jordan, Jazz Williams, and Perry Goode, in fear of these unknown men began to move away from that vehicle.   More specifically, Charlette Jordan began to run back to her grandmother's house at 3343 Ridge Avenue; minor Plaintiff Perry Goode began to run in the other direction and minor Plaintiff Jazz Williams just stood there.

20.   The four unknown males then exited the vehicle.   Unknown to any of the Plaintiffs, the four male individuals who exited the vehicle were Philadelphia police officers.   None of the four men, at any time, identified themselves as Philadelphia police officers.   Upon information and belief, the four men who exited the vehicle were Defendant Police Officers Soliman, Kuemmerle, Ortiz, and Pinto.

21.   After exiting the vehicle, one of the four males, either Defendant Officer Pinto or Defendant Officer Ortiz, ordered Plaintiff Jazz Williams to "come here."   Plaintiff Jazz Williams responded by asking "Who are you?"

22.   Immediately after exiting the vehicle, either Defendant Police Officer Ortiz or Defendant Police Officer Pinto drew his taser and, without any legal cause or justification or warning,

6

deployed his taser in probe mode at minor Plaintiff Jazz Williams, with both probes striking minor Plaintiff Jazz Williams causing him excruciating pain and further causing him to fall to the ground.

23. After deploying his taser, either Defendant Police Officer Pinto or Ortiz walked over to Plaintiff Jazz Williams, removed the probes from the body of Jazz Williams, handcuffed him, and then asked Plaintiff Jazz Williams "Why did the others run?" Jazz Williams responded "Because they didn't know who you were." At this point, Defendant Officers Ortiz and Pinto, without any probable cause or any other legal justification, placed Jazz Williams in handcuffs, searched him, walked him up the street and placed him in a police wagon.

24. Meanwhile, while the above was going on, Plaintiff Perry Goode had ran down Ridge Avenue to Hagert Street. While he was running, Defendant Police Officer Soliman ordered him to stop and get on the ground. Plaintiff Perry Goode complied with those orders. While he was on the ground, Plaintiff Perry Goode was approached by Defendant Police Officer Soliman and was told by him "If you move, I will kick you in the balls and if you get up, I will shoot you."

25. At no time did Plaintiff Perry Goode do anything which gave any of the Defendant police officers probable cause to stop him nor did he do anything which would give them reasonable

7

suspicion to detain him nor did he at anytime relevant hereto do anything which could have been considered a criminal act nor an act which would have been threatening to the officers or to anyone else.

26.   Plaintiff Perry Goode was then handcuffed, searched, picked up and thrown violently on top of the unmarked police vehicle.   While this was going on Plaintiff Perry Goode complained that he had not done anything wrong to which Defendant Police Officer Soliman replied "Shut the f_ _ _ up."   Plaintiff Perry Goode was then placed handcuffed into a police car.

27.   Plaintiff Perry Goode was forced to sit handcuffed in the police car for approximately 15 minutes at which time he was removed from the police car, unhandcuffed, and was released.   No criminal charges were filed against Plaintiff Perry Goode.

28.   Meanwhile, Plaintiff Jazz Williams was also forced to sit in the police wagon for approximately 15 minutes at which time he was removed from the wagon, his handcuffs were taken off, and he was released without being charged with any criminal activity.

29.   As mentioned above, when the four unknown males approached the minor Plaintiffs Perry Goode, Jazz Williams, and Charlette Jordan, Charlette Jordan began to proceed back to her grandmother's house at 3343 Ridge Avenue.   She was able to get into the home and shut the door.   She told Plaintiff Cherie Upsey

8

that men were chasing her, that she was extremely fearful for her well-being, and asked Plaintiff Cherie Upsey to lock the door. Shortly after minor Plaintiff Charlette Jordan entered the home as aforementioned, there was a loud boom on the door.  Defendant Police Officer Kuemmerle began to scream "I want the girl." Plaintiff Frank Jordan went to the door, opened the door, and asked Defendant Police Officer Kuemmerle what he wanted.  At this point, Defendant Police Officer Kuemmerle forced his way into the home repeating "I want the girl."

30.  Defendant Police Officer Kuemmerle entered the home of Plaintiffs Jaine and Frank Jordan without a warrant, and without probable cause to believe that anyone inside had committed or was committing a crime, and there was no legal justification for his entry into the home.

31.  Upon hearing the boom at the front door as aforementioned, Plaintiff Charlette Jordan retreated into the basement of the home and went into the bedroom of her uncle Plaintiff Frank Jordan, locking the door.  At this point, Plaintiff Charlette Jordan, only 14 years old at the time, was in fear for her well-being not knowing that the man who was trying to force his way into the home was a Philadelphia police officer. For that reason, minor Plaintiff Charlette Jordan locked Frank Jordan's bedroom door and hid under the bed.

32.  After illegally entering the home of Plaintiff Jaine

9

Jordan and Frank Jordan, Defendant Police Officer Kuemmerle ran down the steps towards the room where Plaintiff Charlette Jordan was hiding.  Defendant Police Officer Kuemmerle then began banging on the bedroom door of Frank Jordan screaming "come out, come out or I'll shoot."  At this point, Plaintiff Cherie Upsey, fearful for her life and the lives of everyone in the house, called 911.

33.  At this point, Defendant Police Officers John Does 1 through 5 entered the home of Frank and Jaine Jordan, with service weapons drawn.  They pointed those weapons directly at Plaintiffs Frank Jordan and Cherie Upsey.

34.  Defendant Police Officers Kuemmerle and John Does 1 through 5 then proceeded to break down the door to Frank Jordan's bedroom, knocking the door off its hinges.

35.  After breaking down the door to Frank Jordan's bedroom, Defendant Police Officers Kuemmerle and John Does 1 through 5, without probable cause or legal justification, grabbed minor Plaintiff Charlette Jordan by the hair and pulled her out from underneath the bed.  Defendant Police Officers Kuemmerle and John Does 1 through 5 all had drawn their service weapons and had the same pointed directly at minor Plaintiff Charlette Jordan. Minor Plaintiff Charlette Jordan was screaming "please don't shoot me." She was grabbed by her hair and pulled out of the room. Defendant Police Officers Kuemmerle began to search her roughly

10

feeling all around her breast area. Plaintiff Charlette was then handcuffed. After approximately 15 minutes, one of the Defendant police officers removed Plaintiff Charlette Jordan's handcuffs and she was never charged with any criminal offense.

36. At no time did any of the Defendant police officers have any reason to suspect that any of the Plaintiffs had committed any crime nor did any of the Plaintiffs at any time do anything which could be considered behavior which was threatening to any of the Defendant police officers or to anyone else.

37. At no time did any of the Defendant police officers have any legal justification for entering the home of Plaintiff Frank Jordan and Plaintiff Jaine Jordan.

38. Defendants engaged in the aforesaid conduct for the purpose of violating Plaintiffs constitutional rights by subjecting them to unreasonable force, the excessive use of force, unreasonable search and seizure, assault and battery, false imprisonment, false arrest, and intentional infliction of emotional distress.

### FIRST CAUSE OF ACTION
### FEDERAL CIVIL RIGHTS VIOLATIONS

39. Plaintiffs incorporate by reference paragraphs 1 through 38 of the instant Complaint.

40. As a direct and proximate result of all Defendants' conduct, committed under color of state law, Plaintiffs were

11

deprived of their right to be free from unreasonable and
excessive force, an unreasonable search and seizure, assault and
battery, false imprisonment, false arrest, and infliction of
emotional distress.  As a result, Plaintiffs  suffered and
continues to suffer harm in violation of their rights under the
laws and Constitution of the United States, in particular, the
Fourth and Fourteenth Amendments thereof, and 42 U.S.C. §1983.

41.  As a direct and proximate result of the acts of all
Defendants, Plaintiffs sustained physical injuries, emotional
harm, loss of liberty and financial losses, all to their
detriment and harm.

42.  Defendant City of Philadelphia has encouraged,
tolerated, ratified and has been deliberately indifferent to the
following patterns, practices and customs and to the need for
more or different training, supervision, investigation or
discipline in the areas of:

    a.  The use of unreasonable force, excessive
        force, unreasonable search and seizure, infliction
        of emotional distress, and assault and battery,
        false imprisonment and false arrest by police
        officers;

    b.  The proper exercise of police powers,
        including but not limited to the unreasonable
        use of force, the excessive use of force,

unreasonable search and seizure, infliction of emotional distress, assault and battery, false imprisonment and false arrest and violations of citizens' free speech rights, particularly in connection with perceived challenges to police authority;

c.   The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

d.   The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

e.   Police officers' use of their status as police officers to employ the use of excessive force, unreasonable search and seizure, intentionally infliction of emotional distress, assault and battery, false imprisonment, false arrest, or to achieve ends not reasonably related to their police duties; and

f.   The failure of police officers to follow established policies, procedures, directives

13

and instructions regarding the use of force
and arrest powers under such circumstances as
presented herein.

43.   The City of Philadelphia failed to properly sanction or
discipline officers, who are aware of and conceal and/or aid and
abet violations of constitutional rights of citizens by other
Philadelphia Police Officers, thereby causing and encouraging
Philadelphia police, including the Defendant officers in this
case, to violate the rights of citizens such as Plaintiffs.

44.   Defendants have by the above described actions deprived
Plaintiffs of rights secured by the Fourth and Fourteenth
Amendments to the United States Constitution in violation of 42
U.S.C. §1983.

### SECOND CAUSE OF ACTION
### SUPPLEMENTAL STATE CLAIMS

45.   Plaintiffs incorporate by reference paragraphs 1 through
44 of the instant Complaint.

46.   The acts and conduct of the individual Defendants in
this cause of action constitute assault, battery, false
imprisonment, false arrest, and intentional infliction of
emotional distress under the laws of the Commonwealth of
Pennsylvania, and this Court has supplemental jurisdiction to
hear and adjudicate this claims.

WHEREFORE, Plaintiffs respectfully request this Honorable

14

Court enter judgment in favor of the Plaintiffs and against the Defendants and to award Plaintiffs the following relief:

    a.   Compensatory damages as to all Defendants;

    b.   Plaintiffs' attorney's fees, expert witness fees and all other costs of suit;

    c.   Such other relief as the Court deems appropriate;

    d.   A jury trial as to each Defendant and as to each count.

PATRICK G. GECKLE, LLC

By: _____

Patrick G. Geckle,
Attorney I.D. No.: 26718
PATRICK G. GECKLE, LLC
1845 Walnut St., Ste. 2300
Philadelphia, PA 19103
(215) 735-3326 - phone

Counsel for Plaintiffs

15